**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kenneth Brown,<br><br>Petitioner<br><br>v.<br><br>District Court Clark County.,<br><br>Respondent | Case No.: 2:26-cv-03229-APG-BNW<br><br>**Order Dismissing Petition Without Prejudice**<br><br>[ECF No. 1-1] |

Petitioner Kenneth Brown has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1-1. On initial review under the Habeas Rules,[1] I find that federal abstention is required because Brown has an ongoing state criminal case and I dismiss the petition without prejudice.

Brown has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to substantial defect. Brown is challenging an ongoing criminal case and requests another settlement conference in state district court. *See State of Nevada v. Brown*, Case No. C-25-389289-1. He asserts that he was forced to sign a plea agreement. Brown has not yet been sentenced, and it appears a motion to dismiss counsel is pending before the state district court.

The comity-based *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings by granting injunctive or declaratory relief, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are irreparable only if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Brown challenges his plea agreement and settlement conference related to his pending state criminal proceeding. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Brown’s situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to

liberty—in a pending criminal prosecution. In addition, Brown's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. Because he faces no extraordinary or irreparable injuries, federal abstention is required. The charges against Brown are still pending, so dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

I THEREFORE ORDER:

1. Petitioner Kenneth Brown's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice.
2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.
3. The Clerk of the Court is directed to enter judgment accordingly and close this case.
4. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED: October 29, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE